# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **MARTHA ANGELICA DOMINGUEZ TORRES,** ) | No.: 3:21-cv-583 |
| ) | **Chief Judge Crenshaw** |
| ) | **Magistrate Judge Frensley** |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | |
| **SADDLER FUNERAL HOME AND** ) | |
| **CREMATORY SERVICES, and** ) | |
| **STEVIE SADDLER, Individually,** ) | |
| **and REID VAN NESS, Individually,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## ANSWER OF SADDLER FUNERAL HOME AND CREMATORY SERVICES AND STEVIE SADDLER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES the Defendants, SADDLER FUNERAL HOME AND CREMATORY SERVICES AND STEVIE SADDLER, (hereinafter "**Saddler Defendants**"), by and through counsel, and in response to the complaint filed against them would state as follows:

## INTRODUCTION

1. The statements contained in paragraph 1 of Plaintiff's First Amended Complaint require no response of these Defendants, however, to the extent any response is required, the allegations contained in paragraph 1 of Plaintiff's First Amended Complaint are denied.

2. The Saddler Defendants have insufficient information or knowledge to form a belief as to the truth of the allegations contained in sentence one of this paragraph that Plaintiff has cognizable legal interest in the body of her brother as the next of kin, and the allegations are, therefore, denied. The remaining allegations contained in paragraph 2 of Plaintiff's First Amended Complaint are denied.

## JURISDICTION AND VENUE

3. It is admitted that this Court has jurisdiction over this lawsuit.

4. It is admitted that this Court has jurisdiction over this lawsuit.

5. It is admitted that this Court has jurisdiction over this lawsuit.

6. It is admitted that this Court has jurisdiction over this lawsuit.

7. It is admitted that this Court is the proper venue.

## PARTIES

8. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 8 of Plaintiff's First Amended Complaint.

9. Admitted.

10. Admitted.

11. It is admitted that Reid Van Ness was a licensed embalmer and funeral director. Upon information and belief, it is further admitted that he is a citizen of Tennessee and that he voluntarily surrendered his license as a licensed funeral director and embalmer. It is further admitted that Reid Van Ness's actions were investigated by the State of Tennessee Board of Funeral Directors and Embalmers. The remaining allegations contained in paragraph 11 of Plaintiff's First Amended Complaint are denied as contained.

## FACTUAL ALLEGATIONS

12. Admitted upon information and belief.

13. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 13 of Plaintiff's First Amended Complaint.

14. These Defendants deny the allegations contained in paragraph 14 of Plaintiff's Complaint as they relate to these Defendants. The Saddler Defendants deny they entered a

contract with Mr. Sanchez, and strict proof is demanded thereof. These Defendants admit, upon information and belief, that Mr. Sanchez entered a contract with Defendant Reid Van Ness. Further, Defendants aver that Van Ness used Saddler Funeral Home contract without the knowledge or consent of these Defendants. These Defendants have insufficient information or knowledge to admit or deny the allegations that Mr. Sanchez was directed by Plaintiff to enter a contract and the scope of the services to be provided by Defendant Van Ness, and the allegations are, therefore, denied.

15. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 15 of Plaintiff's First Amended Complaint. The Saddler Defendants further deny that they were paid anything by or on behalf of Plaintiff or Mr. Sanchez.

16. These Defendants admit that Mr. Diaz's obituary appears on its website. These Defendants deny all other allegations contained in paragraph 16 of Plaintiff's First Amended Complaint.

17. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 17 of Plaintiff's First Amended Complaint.

18. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 18 of Plaintiff's First Amended Complaint.

19. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 19 of Plaintiff's First Amended Complaint.

20. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 20 of Plaintiff's First Amended Complaint and the allegations are, therefore, denied.

21. These Defendants deny allegations contained in paragraph 21 of Plaintiff's First Amended Complaint.

22. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 22 of Plaintiff's First Amended Complaint and the allegations are, therefore, denied.

23. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 23 of Plaintiff's First Amended Complaint and the allegations are, therefore, denied.

24. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 24 of Plaintiff's First Amended Complaint and the allegations are, therefore, denied.

25. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 25 of Plaintiff's First Amended Complaint and the allegations are, therefore, denied.

26. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 26 of Plaintiff's First Amended Complaint and the allegations are, therefore, denied.

27. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 27 of Plaintiff's First Amended Complaint and the allegations are, therefore, denied.

28. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 28 of Plaintiff's First Amended Complaint and the allegations are, therefore, denied.

29. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 29 of Plaintiff's First Amended Complaint and the allegations are, therefore, denied.

30. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 30 of Plaintiff's First Amended Complaint and the allegations are, therefore, denied.

31. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 31 of Plaintiff's First Amended Complaint and the allegations are, therefore, denied.

32. It is admitted that Mr. Diaz's body was located at Saddler Funeral Home for a period more than a month. All other allegations are denied.

33. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 33 of Plaintiff's First Amended Complaint and the allegations are, therefore, denied.

34. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 34 of Plaintiff's First Amended Complaint and the allegations are, therefore, denied.

35. These Defendants deny that any action on their part caused any harm to Plaintiff. These Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 35 of Plaintiff's First Amended Complaint and the allegations are, therefore, denied.

36. These Defendants deny that any action on their part caused any harm to Plaintiff. These Defendants lack knowledge or information sufficient to form a belief about the truth

of the remaining allegations contained in paragraph 36 of Plaintiff's First Amended Complaint and the allegations are, therefore, denied.

37. The allegations contained in this paragraph are denied.

38. The allegations contained in this paragraph are denied.

39. These Defendants deny that any action on their part caused any harm to Plaintiff or any other person. These Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 39 of Plaintiff's First Amended Complaint and the allegations are, therefore, denied.

40. The allegations contained in this paragraph are denied.

41. It is admitted, on information and belief, that one of Plaintiff's lawyers, Eric Lockert, contacted the Tennessee State Board of Funeral Directors, Embalmers, and Burial and filed a complaint. These Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 41 of Plaintiff's First Amended Complaint and the allegations are, therefore, denied.

42. It is admitted that an investigation was conducted by the State Board and violations were found. The remaining allegations contained in paragraph 34 of Plaintiff's First Amended Complaint are denied as to Saddler Defendants.

43. It is admitted that Defendant Van Ness was an outside funeral director who was storing bodies at Defendants' funeral home at the time Plaintiff's attorney, Eric Lockert filed a Complaint with the State Board of Funeral Directors.

44. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 44 of Plaintiff's First Amended Complaint.

45. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 45 of Plaintiff's First Amended Complaint.

46. Admitted, upon information and belief.

47.

48. It is admitted that the State Board asserted violations were committed by these Defendants. The remaining allegations contained in paragraph 48 of Plaintiff's First Amended Complaint are denied.

49. It is admitted that Defendant Van Ness utilized the premises of Saddler Funeral Home to store bodies of deceased loved ones of his customers and that he was responsible for their care and storage. All other allegations contained in this paragraph as to the Saddler Defendants are denied.

50. The allegations contained in this paragraph are denied.

51. It is admitted that Defendant Van Ness had limited access to the premises of Saddler Funeral Home for a limited period to store bodies and perform embalming, dressing, and casketing services for deceased loved ones of his customers. All other allegations contained in this paragraph are denied.

52. The allegations contained in this paragraph are denied. These Defendants do not engage in the shipping of bodies internationally or otherwise.

53. These Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 53 of Plaintiff's First Amended Complaint.

## FIRST CAUSE OF ACTION
42 U.S.C. § 1981

54. Defendants hereby incorporate their responses to paragraphs 1 through 54 of Plaintiff's First Amended Complaint as if recited verbatim herein.

55. As to Saddler Defendants, the allegations contained in paragraph 55 of Plaintiff's First Amended Complaint are denied.

56. As to Saddler Defendants, the allegations contained in paragraph 56 of Plaintiff's First Amended Complaint are denied.

57. As to Saddler Defendants, the allegations contained in paragraph 57 of Plaintiff's First Amended Complaint are denied.

58. As to Saddler Defendants, the allegations contained in paragraph 58 of Plaintiff's First Amended Complaint are denied.

59. As to Saddler Defendants, the allegations contained in paragraph 59 of Plaintiff's First Amended Complaint are denied.

60. As to Saddler Defendants, the allegations contained in paragraph 60 of Plaintiff's First Amended Complaint are denied.

61. It is admitted that Bryan Ayala's body was held at Saddler Funeral Home. The remaining allegations contained in paragraph 61 of Plaintiff's First Amended Complaint are denied.

62. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 62 of Plaintiff's First Amended Complaint.

63. It is admitted that Bryan Ayala's body was held at Saddler Funeral Home. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 63 of Plaintiff's First Amended Complaint.

64. The allegations contained in paragraph 64 of Plaintiff's First Amended Complaint are denied as contained.

65. Admitted.

66. As to Saddler Defendants, the allegations contained in paragraph 66 of Plaintiff's First Amended Complaint are denied.

67. As to Saddler Defendants, the allegations contained in paragraph 67 of Plaintiff's First Amended Complaint are denied.

68. As to Saddler Defendants, the allegations contained in paragraph 68 of Plaintiff's First Amended Complaint are denied.

## SECOND CAUSE OF ACTION
42 U.S.C. § 1985

69. Defendants hereby incorporate their responses to paragraphs 1 through 68 of Plaintiff's First Amended Complaint as if recited verbatim herein.

70. The allegations contained in paragraph 70 of Plaintiff's First Amended Complaint are denied.

71. The allegations contained in paragraph 71 of Plaintiff's First Amended Complaint are denied.

72. The allegations contained in paragraph 72 of Plaintiff's First Amended Complaint are denied.

73. The allegations contained in paragraph 73 of Plaintiff's First Amended Complaint are denied.

## THIRD CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

74. Defendants hereby incorporate their responses to paragraphs 1 through 73 of Plaintiff's First Amended Complaint as if recited verbatim herein.

75. As to Saddler Defendants, the allegations contained in paragraph 75 of Plaintiff's First Amended Complaint are denied.

76. As to Saddler Defendants, the allegations contained in paragraph 76 of Plaintiff's First Amended Complaint are denied.

77. As to Saddler Defendants, the allegations contained in paragraph 77 of Plaintiff's First Amended Complaint are denied.

78. As to Saddler Defendants, the allegations contained in paragraph 78 of Plaintiff's First Amended Complaint are denied.

79. As to Saddler Defendants, the allegations contained in paragraph 79 including subparagraphs a) through e) of Plaintiff's First Amended Complaint are denied.

80. As to Saddler Defendants, the allegations contained in paragraph 80 of Plaintiff's First Amended Complaint are denied.

81. As to Saddler Defendants, the allegations contained in paragraph 81 of Plaintiff's First Amended Complaint are denied.

82. As to Saddler Defendants, the allegations contained in paragraph 82 of Plaintiff's First Amended Complaint are denied.

## FOURTH CAUSE OF ACTION

## BREACH OF CONTRACT/BREACH OF IMPLIED CONTRACT IN FACT

83. Defendants hereby incorporate their responses to paragraphs 1 through 83 of Plaintiff's First Amended Complaint as if recited verbatim herein.

84. As to Saddler Defendants, the allegations contained in paragraph 84 of Plaintiff's First Amended Complaint are denied.

85. As to Saddler Defendants, the allegations contained in paragraph 85 of Plaintiff's First Amended Complaint are denied.

86. As to Saddler Defendants, the allegations contained in paragraph 86 of Plaintiff's First Amended Complaint are denied.

87. As to Saddler Defendants, the allegations contained in paragraph 87 of Plaintiff's First Amended Complaint are denied.

88. As to Saddler Defendants, the allegations contained in paragraph 88 of Plaintiff's First Amended Complaint are denied.

89. As to Saddler Defendants, the allegations contained in paragraph 89 of Plaintiff's First Amended Complaint are denied.

## FIFTH CAUSE OF ACTION

## TENNESSEE CONSUMER PROTECTION ACT

90. Defendants hereby incorporate their responses to paragraphs 1 through 89 of Plaintiff's First Amended Complaint as if recited verbatim herein.

91. As to Saddler Defendants, the allegations contained in paragraph 91 of Plaintiff's First Amended Complaint are denied.

92. As to Saddler Defendants, the allegations contained in paragraph 92 of Plaintiff's First Amended Complaint are denied.

93. As to Saddler Defendants, the allegations contained in paragraph 93 of Plaintiff's First Amended Complaint are denied.

94. As to Saddler Defendants, the allegations contained in paragraph 94 of Plaintiff's First Amended Complaint are denied.

## SIXTH CAUSE OF ACTION

## BREACH OF FIDUCIARY DUTY

95. Defendants hereby incorporate their responses to paragraphs 1 through 94 of Plaintiff's First Amended Complaint as if recited verbatim herein.

96. As to Saddler Defendants, the allegations contained in paragraph 96 of Plaintiff's First Amended Complaint are denied.

97. As to Saddler Defendants, the allegations contained in paragraph 97 of Plaintiff's First Amended Complaint are denied.

98. As to Saddler Defendants, the allegations contained in paragraph 98 of Plaintiff's First Amended Complaint are denied.

99. As to Saddler Defendants, the allegations contained in paragraph 99 of Plaintiff's First Amended Complaint are denied.

100. As to Saddler Defendants, the allegations contained in paragraph 100 of Plaintiff's First Amended Complaint are denied as stated.

101. The allegations contained in paragraph 101 of Plaintiff's First Amended Complaint are not directed to these Defendants and require no response of these Defendants.

102. As to Saddler Defendants, the allegations contained in paragraph 102 of Plaintiff's First Amended Complaint are denied.

103. As to Saddler Defendants, the allegations contained in paragraph 103 of Plaintiff's First Amended Complaint are denied.

104. As to Saddler Defendants, the allegations contained in paragraph 104 of Plaintiff's First Amended Complaint are denied.

105. The allegations contained in paragraph 105 of Plaintiff's First Amended Complaint are not directed to these Defendants and require no response of these Defendants.

## SEVENTH CAUSE OF ACTION

### INTENTIONAL MISREPRESENTATION

106. Defendants hereby incorporate their responses to paragraphs 1 through 106 of Plaintiff's First Amended Complaint as if recited verbatim herein.

107. As to Saddler Defendants, the allegations contained in paragraph 107 of Plaintiff's First Amended Complaint are denied.

108. As to Saddler Defendants, the allegations contained in paragraph 108 of Plaintiff's First Amended Complaint are denied.

109. As to Saddler Defendants, the allegations contained in paragraph 109 of Plaintiff's First Amended Complaint are denied.

110. As to Saddler Defendants, the allegations contained in paragraph 110 of Plaintiff's First Amended Complaint are denied.

111. As to Saddler Defendants, the allegations contained in paragraph 111 of Plaintiff's First Amended Complaint are denied.

112. As to Saddler Defendants, the allegations contained in paragraph 112 including subparagraphs a) through f) of Plaintiff's First Amended Complaint are denied.

## EIGHTH CAUSE OF ACTION

### NEGLIGENCE

113. Defendants hereby incorporate their responses to paragraphs 1 through 112 of Plaintiff's First Amended Complaint as if recited verbatim herein.

114. As to Saddler Defendants, the allegations contained in paragraph 114 of Plaintiff's First Amended Complaint are denied.

115. It is denied that the allegations contained in paragraph 115 of Plaintiff's First Amended Complaint correctly state the duty owed by Saddler Defendants and therefore, these allegations are denied.

116. As to Saddler Defendants, the allegations contained in paragraph 116 of Plaintiff's First Amended Complaint are denied.

117. As to Saddler Defendants, the allegations contained in paragraph 117 of Plaintiff's First Amended Complaint are denied.

118. As to Saddler Defendants, the allegations contained in paragraph 118 of Plaintiff's First Amended Complaint are denied.

119. As to Saddler Defendants, the allegations contained in paragraph 119 of Plaintiff's First Amended Complaint are denied.

120. As to Saddler Defendants, the allegations contained in paragraph 120 of Plaintiff's First Amended Complaint are denied.

## NINTH CAUSE OF ACTION

## MISHANDLING OF REMAINS/INTERFERENCE WITH DEAD BODIES

121. Defendants hereby incorporate their responses to paragraphs 1 through 121 of Plaintiff's First Amended Complaint as if recited verbatim herein.

122. As to Saddler Defendants, the allegations contained in paragraph 122 of Plaintiff's First Amended Complaint are denied.

123. As to Saddler Defendants, the allegations contained in paragraph 123 of Plaintiff's First Amended Complaint are denied.

124. As to Saddler Defendants, the allegations contained in paragraph 124 of Plaintiff's First Amended Complaint are denied.

125. As to Saddler Defendants, the allegations contained in paragraph 125 of Plaintiff's First Amended Complaint are denied.

126. As to Saddler Defendants, the allegations contained in paragraph 126 of Plaintiff's First Amended Complaint are denied.

127. As to Saddler Defendants, the allegations contained in paragraph 127 of Plaintiff's First Amended Complaint are denied.

128. As to Saddler Defendants, the allegations contained in paragraph 128 of Plaintiff's First Amended Complaint are denied.

129. As to Saddler Defendants, the allegations contained in paragraph 129 of Plaintiff's First Amended Complaint are denied.

## AFFIRMATIVE DEFENSES

130. Plaintiff's complaint fails to state a claim for which relief may be granted.

131. Defendants aver that Plaintiff is not entitled to any relief under 42 U.S.C. § 1981 because no contract existed between Plaintiff and Saddler Defendants.

132. Defendants aver that Plaintiff is not entitled to any relief under 42 U.S.C. § 1981 because Defendants were unaware of the race and national origin of Plaintiff or Filemon Dominguez Diaz. Defendants further deny any and all allegations that Saddler Defendants discriminated against Plaintiff or had any discriminatory motive or intent towards Plaintiff. Defendants aver Plaintiff's complaint fails to state the requisite standard for causation for a claim under 42 U.S.C. § 1981.

133. Defendants deny any conspiracy existed among Saddler Defendants and Reid Van Ness. Furthermore, Defendants deny that any conspiracy existed between Saddler Defendants and Reid Van Ness for the purpose of depriving individuals of equal protection under the law.

134. Saddler Defendants specifically deny that Saddler entered into a contract with Plaintiff or Plaintiff's agents. Defendant further deny that Sadder entered into any contract with Reid Van Ness or that Plaintiff would be a third-party beneficiary to any such agreement. Defendants further deny that Plaintiff would have any right to enforce any agreement between Defendants and Reid Van Ness.

135. Defendants deny that they had dominion or control over the remains of Filemon Dominguez Diaz. Defendants further deny that they had any responsibility to ship his remains to Plaintiff.

136. Plaintiff is guilty of laches in failing to exercise due diligence to obtain and sort through the disposition of her brother's body.

137. Defendants deny that a fiduciary or confidential relationship existed between Plaintiff and Saddler Defendants.

138. Defendants deny that they made any representations whatsoever to Plaintiff

139. Defendants deny that they breached any duty of care to owed to the Plaintiff

140. To the extent the allegations contained in Plaintiff's First Amended Complaint are proven true, Saddler Defendants assert the comparative fault of Reid Van Ness who was responsible for the storage, embalming, dressing, transportation, and shipping of Mr. Diaz's body.

141. It is denied that Plaintiff's alleged injuries and/or damages were proximately caused by any act or omission on the part of the Saddler Defendants.

142. This Defendant pleads and relies upon the defenses and limitations set forth in the Tennessee Civil Justice Act of 2011, including but not limited to, the caps placed on damages pursuant to Tennessee Code Annotated Sections 29-39-102, 29-39-104, and/or any other provisions relating to defenses, jury instructions and/or other limitations upon liability or damages contained in the act or elsewhere in Tennessee Law.

143. Plaintiff has failed to state a claim upon which relief may be granted against these Defendants for punitive damages. Further, these Defendants rely upon the protections, prohibitions and rights guaranteed to it by and through the 14th Amendment of the United States Constitution and the Due Process Provisions of the Tennessee Constitution. The imposition of punitive damages is violative of due process and equal protection provided by the 14th Amendment of the United States Constitution. An award of punitive damages based upon vicarious or joint and several judgments, the lack of reasonable limitation, the lack of specific and set standards, public policy, and/or with the potential to exceed the maximum criminal fines for similar conduct alleged are each a violation of the 5th and 14th Amendments of the United States Constitution. It is denied that any act or omission of these Defendants was such, that it

17
Case 3:21-cv-00583   Document 19   Filed 08/31/21   Page 17 of 20 PageID #: 120

constitutes fault which was intentional, fraudulent, malicious, or reckless under the standards set forth in the State of Tennessee and must be proved a clear and convincing evidence. These Defendants may demand bifurcation of the issue of punitive damages at trial should the claim not be dismissed.

144. Plaintiff's claims are barred by the one year statute of limitations found at Tennessee Code Annotated §28-3-104. Plaintiff's Complaint demonstrates she knew or reasonably should have known that she or the next of kin had a cause of action as early as February 5, 2020 when Mr. Diaz's body was not shipped as promised by Mr. Van Ness. Plaintiff knew she was having issues with Mr. Van Ness and did nothing.

145. Any and all allegations contained in Plaintiff's Complaint which have not been heretofore admitted, denied or otherwise explained above, are hereby denied as if specifically denied above.

WHEREFORE, defendants **SADDLER FUNERAL HOME AND CREMATORY SERVICES AND STEVIE SADDLER** denies that they are liable to plaintiff for any amount, respectfully requests it be dismissed from this lawsuit with costs taxed to the plaintiff, or that they be granted such other and further relief as the Court deems appropriate.

Respectfully submitted,

LEWIS THOMASON, P.C.

By: /s/ Andrew N. Grams
    Andrew N. Grams, BPR No. 18380
    424 Church Street, Suite 2500
    P.O. Box 198615
    Nashville, TN 37219
    (615) 259-1366
    agrams@lewisthomason.com

*Attorneys for Defendants Stevie Saddler and Stevie Saddler d/b/a Saddler Saddler Funeral Home and Crematory Services*

# **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing ANSWER OF SADDLER FUNERAL HOME AND CREMATORY SERVICES AND STEVIE SADDLER TO PLAINTIFF'S FIRST AMENDED COMPLAINT was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail and email. Parties may access this filing through the Court's electronic filing system.

> Andrew S. Lockert, Esq.,
> Lockert Legal, LLC
> 112 Frey Street
> Ashland City, TN 37015
>
> John H. Morris, Esq.
> Nashville Vanguard Law, PLLC
> Parkway Towers, Suite 102
> 404 James Robertson Parkway
> Nashville, TN 37219
>
> Eric Lockert, Esq.
> Lockert, Hamlin & Hamlin PLLC
> 112 Frey Street
> Ashland City, TN 37015
>
> Reid Van Ness
> 420 Walton Lane, Unit J46
> Madison, TN 37115

This the 31st day of August 2021.

> /s/ Andrew Grams
> Andrew Grams